**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

2003 AUG -8  PM 4: 21

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
          DEPUTY

| | | |
|---|---|---|
| JUANITA ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE TEXAS RANGERS, | § | |
| TEXAS DEPARTMENT | § | |
| OF PUBLIC SAFETY, and | § | EP03CA0305 |
| COLLEEN McHUGH, | § | |
| CHAIRMAN OF THE | § | |
| COMMISSION ON PUBLIC SAFETY, | § | CIVIL ACTION NO. EP-03-CA-____-____ |
| | § | |
| Defendants. | § | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.      This is a civil action brought by Plaintiff, JUANITA ALVARADO ("Plaintiff"),

against Defendants, THE TEXAS RANGERS, TEXAS DEPARTMENT OF PUBLIC SAFETY and

COLLEEN McHUGH, CHAIRMAN OF THE COMMISSION ON PUBLIC SAFETY

("Defendants").

2.      Plaintiff seeks damages for violations of the Civil Rights Acts of 1866, 1871 and

1964[1], as well as for violations of the Fourteenth Amendment to the United States Constitution and

the common laws of Texas.  Specifically, Plaintiff seeks to correct unlawful employment practices

on the basis of race and national origin (Mexican-American), sex (female), and retaliation for

opposing discrimination, as well as appropriate relief for the damages she has incurred because of

these practices, policies and customs.  As alleged with greater particularity in Section IV below,

Plaintiff alleges that she was denied a promotion with the Texas Rangers, subjected to a hostile work

_____

[1]*See* 42 U.S.C. §§ 1981, 1983 and 2000e, *et seq,* respectively.

environment,and was ultimately retaliated against on the bases referred to herein.

## II. JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 704(a), 42 U.S.C. § 2000e-3(a) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

## III. PARTIES

4.      Plaintiff is a resident of El Paso County, Texas who has been employed with Defendant Texas Department of Public Safety since January, 1988.

5.      Defendant Texas Department of Public Safety (TDPS), is a governmental entity subject to suit under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Acts of 1866 and 1871.  The Texas Rangers is a division of the Texas Department of Public Safety.  The Texas has continuously been an arm of the State of Texas, and has continuously had at least 15 employees.  TDPS may be served with process at 5805 N. Lamar Blvd., Austin, TX 78752-4422, P.O. Box 4087, Austin, TX 78773-0001.

6.      Defendant Colleen McHugh is the Chairman of the Texas Commission on Public Safety.  The Texas Commission on Public Safety is the policy-making body for the Department of Public Safety of the State of Texas. The Chairman may be served with process at 2000 One Shoreline Plaza-South Tower, 800 N. Shoreline Blvd., Corpus Christi, TX 78401.

## IV. FACTS

7.      All conditions precedent to the institution of this lawsuit have been fulfilled.  More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  Plaintiff received a

Notice of Right to Sue from the United States Department of Justice on May 12, 2003. This lawsuit is timely filed, within 90 days of receiving said Notice.

8.      Beginning in 1998, Defendants engaged in unlawful employment practices, in violation of 42 U.S.C. §§ 1981, 1983 and 2000e, *et seq*. These practices include, but are not limited to:

a.      Subjecting Plaintiff to different terms and conditions of employment by subjecting her to different and heightened standards of review required for promotion;

b.      Subjecting Plaintiff to heightened scrutiny and investigation, unreasonable expectations, and offensive, abusive and demeaning behavior;

c.      Subjecting Plaintiff to an unfair, unequal and manipulated application process for promotion; and

d.      Denying Plaintiff a promotion with the Texas Rangers.

9.      On numerous occasions during her employment with Defendant, Plaintiff reported and opposed the discrimination to which she was subjected.

10.     Plaintiff asserts that her race and national origin (Mexican-American) and sex (female) were, individually or collectively, the motivating factors and consideration in Defendant's actions taken against Plaintiff, as described in paragraphs 8 and 9. Plaintiff further asserts that the actions against her were conducted, in part, as retaliation for her having opposed Defendant's discriminatory employment practices.

11.     The unlawful employment practices described above were intentional.

12.     The unlawful employment practices described above were done with malice or with reckless indifference to Plaintiff's rights under state and federal laws.

## V. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Juanita Alvarado respectfully requests that this Court:

A.   Order Defendants to promote Plaintiff to her rightful position.

B.   Order Defendants to make Plaintiff whole by providing appropriate backpay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

C.   Order Defendants to make Plaintiff whole by providing compensation for past and pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.   Order Defendants to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including loss of enjoyment of life, emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

E.   Order Defendants to pay Plaintiff punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

F.   Award Plaintiff her costs of this action.

G.   Award Plaintiff reasonable attorneys' fees.

H.   Grant such further relief as the Court deems necessary and proper in the public interest, including, but not limited to, declaratory, injunctive and equitable relief.

## VI.  JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully submitted,

**THE LAW OFFICE OF**
**FRANCISCO X. DOMINGUEZ**
521 Texas Avenue
El Paso, Texas 79901
(915) 532-5544
(915) 532-5566 Facsimile

**FRANCISCO X. DOMINGUEZ**
Texas Bar No. 00795324

**ATTORNEY FOR PLAINTIFF**